**FILED**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

FEB - 5 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| AZENETH GUADALUPE LOPEZ, | § § | |
| Plaintiff, | § § | Civil No. DR-23-CV-0065-AM-MHW |
| vs. | § § § | |
| CBP AGENT, | § § | |
| Defendant. | § § § | |

## ORDER AND JUDGMENT

This matter comes before the Court upon screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). The Plaintiff alleges she was subjected to improper treatment by Customs and Border Protection officers at the Eagle Pass Port of Entry on February 29, 2020. (ECF No. 1.) No answer has been filed.

28 U.S.C. § 1915(e)(2) requires the Court to review the Complaint to determine whether the Plaintiff's causes of action are frivolous, malicious, or do not state a cause of action under which relief can be granted. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). The Court is empowered to dismiss a Complaint that is facially barred by an affirmative defense, such as the statute of limitations. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Federal law does not provide a statute of limitations, so the Court must look to the forum state, Texas. *Whitt v. Stephens Cty.*, 529 F.3d 278, 282 (5th Cir. 2008). Claims of the sort alleged by the Plaintiff here are subject to a two-year statute of limitations, according to § 16.003 of the Texas Civil Practice and Remedies Code.

The Plaintiff states in her Complaint that the alleged wrongful acts took place on February 29, 2020. Accordingly, this action must have been brought by February 28, 2022. It was not filed,

however, until December 11, 2023. Therefore, this action is barred by the statute of limitations and is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

Judgment is rendered accordingly.

SIGNED and ENTERED on this 5th day of February 2024.

ALIA MOSES
Chief United States District Judge